**Affirmed and Opinion Filed February 8, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-19-00240-CV**
_____

**TIFFANY POLLARD, INDIVIDUALLY AND AS TRUSTEE OF THE**
**MARIE MERKEL CHILDREN'S TRUST, Appellant**
**V.**
**RUPERT M. POLLARD, Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-12515**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Pedersen, III

This is an interlocutory appeal from the trial court's February 26, 2019 Order Dismissing Claims Pursuant to the TCPA (the "Order"). The Order dismissed four claims brought below by appellee Rupert M. Pollard ("Rupert") against his daughter, Tiffany Pollard ("Tiffany"). In this Court, Tiffany raises eight issues, arguing that Rupert's remaining six claims should have been dismissed pursuant to her motion under the Texas Citizens Participation Act (the "TCPA"). *See* Tex. Civ. Prac. &

REM. CODE ANN. §§ 27.001–.011.[1] We affirm the trial court's Order and remand this case for further proceedings.

## Background

This lawsuit's long roots lie in a suit for divorce filed in 1992 by Marie A. Merkel Pollard ("Marie") against Rupert. Despite a significant amount of litigation stemming from that divorce action, when Merkel died in 2004, she and Rupert were still legally married. Litigation soon commenced over handling of and entitlement to Marie's estate. Rupert and Marie's son, Matthew Pollard ("Matthew"), was appointed executor of his mother's estate and Trustee of the Pollard Resident Trust. Their daughter, Tiffany, was named Trustee of the Marie Merkel Children's Trust.

Rupert filed this lawsuit against Matthew and Tiffany in August 2018, contending that—after their mother's death—"Ma[t]thew and Tiffany spent the next ten (10) years exhausting Rupert and Marie's assets in their pointless vendetta against their father."[2] Rupert accuses his children of "relentlessly deplet[ing] Marie's Estate through overt self-dealing, which was intentionally withheld, undisclosed, and hidden from and at the expense of their father." Among his factual

---

[1] The Texas Legislature amended the TCPA effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because the underlying lawsuit was filed before September 1, 2019, the law in effect before September 1 applies. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499–2500. All citations to the TCPA are to the version before the 2019 amendments took effect.

[2] Rupert sued his children in both their individual and representative capacities.

allegations, Rupert alleges that Matthew and/or Tiffany: charged excessive attorney's fees to the estate; incurred excessive property storage and maintenance expenses; borrowed money from, and paid interest to, themselves on behalf of the estate; incurred excessive maintenance expenses on the parents' homestead while excluding Rupert from that home[3]; classified estate claims improperly and made inappropriate distributions; sold Rupert's property to pay estate expenses; and failed to pay debts of the estate. Rupert asserts the following legal claims against one or both of his children: breach of fiduciary duty; homestead claims[4]; waste; conversion; fraud on the community; quiet title; conspiracy; joint enterprise; declaratory judgment; and equitable relief, including unjust enrichment, restitution, and constructive trust.

Tiffany filed Defendant Tiffany Pollard's Motion to Dismiss Plaintiff's Claims under the Texas Citizens' Participation Act and Brief in Support (the "Motion"), in both her individual and representative capacity, seeking to dismiss a number of Rupert's claims. The trial court granted the Motion as to four specific claims in its Order and did not speak to any other claims. The Motion is considered denied as to all other claims that were raised in the Motion. *See Avila v. Larrea*, 394

---

[3] A significant asset at issue throughout the divorce and estate litigation has been Rupert and Marie's home on Beverly Drive in Dallas County.

[4] Specifically, Rupert claims that his homestead is not subject to debts of Marie's estate.

S.W.3d 646, 656 (Tex. App.—Dallas 2012, pet. denied) (motion not ruled upon in statutory time period is denied by operation of law).

Tiffany appeals the partial denial of her Motion.

### Determining the Claims Subject to Appeal

On appeal, Tiffany asks us to render judgment that Rupert will take nothing on any of his claims. To avoid any confusion as to the claims properly before us—as well as the claims dismissed and those that ultimately remain on remand—we clarify the proceedings below.

(1)    Rupert's Claims Against Tiffany

As we listed above, Rupert pleaded ten claims in his original petition. Two of those claims—homestead claims and quieting title—are clearly pleaded only against Matthew. Although the language of the petition is not always completely clear, we treat the remaining eight claims—breach of fiduciary duty, waste, conversion, fraud, conspiracy, joint enterprise, declaratory judgment, and equitable relief—as pleaded against both Matthew and Tiffany.

(2)    Tiffany's TCPA Motion

Tiffany argued in the Motion that her rights to free association or petition were implicated by seven of Rupert's ten claims and that those claims should be dismissed. The following chart identifies the claims raised in the Motion, the ground(s) argued for dismissal of those claims, and the trial court's disposition of the claims.

| CLAIM RAISED | GROUND ARGUED | DISPOSITION |
|---|---|---|
| Breach of Fiduciary Duty | Association | Dismissed |
| Conversion | Petition | Dismissed |
| Fraud | Association and Petition | Dismissed |
| Quiet Title | Petition | [No Ruling] |
| Conspiracy | Association | [No Ruling] |
| Joint Enterprise | Association | [No Ruling] |
| Declaratory Relief | Petition | Dismissed |

(3)     Claims Before Us on Appeal

Given this understanding of Rupert's pleading and Tiffany's Motion, we draw the following conclusions:

(a)     The trial court granted Tiffany's Motion challenging Rupert's claims for breach of fiduciary duty, conversion, fraud, and declaratory judgment. These claims are not subject to appeal until a final judgment exists. *See* CIV. PRAC. & REM. § 51.014(a)(12) (permitting interlocutory appeal only from *denial* of motion to dismiss under section 27.003).

(b)    Rupert's claim to quiet title—although raised in Tiffany's Motion—was not pleaded against her, so it is not before us.[5]

(c)    Although Rupert pleaded claims against Tiffany for waste and equitable relief, she did not raise those claims in her Motion, so they are not before us on appeal.

It follows that only Rupert's claims for conspiracy and joint enterprise were pleaded against Tiffany, were raised in her Motion, and were not dismissed by the Order. Accordingly, our analysis of Tiffany's issues on appeal is limited to those two claims.

## The TCPA and Standard of Review

The stated purpose of the TCPA is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." CIV. PRAC. & REM. § 27.002. To that end, the statute permits a party to file a motion to dismiss a "legal action" against her if the action is based on, relates to, or is in response to her exercise of her right of free speech, right to petition, or right of association. *Id.* § 27.003(a). The movant bears the initial burden of showing by a preponderance of the evidence that the legal action is based on such

---

[5] Tiffany challenges both this claim and Rupert's homestead claim on appeal, although neither was pleaded against her. We cannot make a dispositive ruling on a claim that has not been pleaded.

an exercise of a protected right. *Id.* § 27.005(b). If the movant makes this showing, the burden shifts to the nonmovant to establish—by clear and specific evidence—a prima facie case for each essential element of his claims. *Id.* § 27.005(c). If the nonmovant meets its step-two burden and the movant has asserted a defense, the movant can still prevail if she establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claims. *Id.* § 27.005(d).

We review de novo a trial court's ruling on a TCPA motion to dismiss. *Dyer v. Medoc Health Services, LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied). We consider the pleadings and any supporting or opposing affidavits in the light most favorable to the nonmovant. *Id.*

## Conspiracy and Joint Enterprise[6]

In her first appellate issue, Tiffany asserts that she established by a preponderance of the evidence that Rupert's claims are based on, related to, or in response to her exercise of the right of association.[7] The TCPA defines the "exercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." CIV. PRAC. & REM. § 27.001(2).

---

[6] Although Rupert pleaded these causes of action separately, both parties' briefing addresses them together and treats them identically. We agree that—under the facts of this case—the two claims can be treated as one for purposes of determining whether they implicate the right of association under the TCPA.

[7] As the chart above indicates, this right of association is the single basis on which Tiffany invoked the TCPA and challenged Rupert's claims for conspiracy and joint enterprise.

–7–

Tiffany relies upon Rupert's numerous pleaded allegations that she and Matthew—and in some instances, she and Matthew and Marie and their attorneys—communicated for the common purpose of depriving Rupert of assets to which he was entitled. These communications appear to fall within the plain language of the TCPA's definition of the exercise of the right of association, i.e., they were allegedly made between individuals joined together to pursue the common interest of depriving Rupert of assets at issue in this lawsuit. *See id.* However, we have recognized that if we were to limit our interpretation of this portion of the statute to the text of the definition, we would be "giving constitutional right of association protection to virtually any private communications between two people about a shared interest." *Dyer*, 573 S.W.3d at 426 (citing *ExxonMobil Pipeline Co. v. Coleman*, 464 S.W.3d 841, 847 (Tex. App.—Dallas 2015), *rev'd on other grounds*, 512 S.W.3d 895 (Tex. 2017)). This would be "an absurd result" that would not promote the purpose of the TCPA to curb strategic lawsuits against public participation. *Id.* In construing statutes, our primary objective is to give effect to the Legislature's intent. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). Therefore, we have interpreted the TCPA's definition of "right of association" in light of the purpose of the statute and concluded that it would be "illogical" to apply the TCPA to private communications that discussed an alleged conspiracy and that did not involve public or citizen participation. *Dyer*, 573 S.W.3d at 426. Instead, to constitute an exercise of the right of association under the TCPA, the communication

relied upon by the movant must involve matters of public or citizen's participation. *See id.*; *see also Goldberg v. EMR (USA Holdings) Inc.*, 594 S.W.3d 818, 828 (Tex. App.—Dallas 2020, pet. denied) ("Defendants failed to prove by a preponderance of the evidence that their communications involved any matters of public or citizen's participation. Therefore, their communications were not exercises of the right of association.").

Tiffany first contends that Rupert's allegations of conspiracy and joint enterprise meet this standard because they involve the disposition of Marie's estate (including certain community property) and "two decades of publicly filed lawsuits." She cites no authority for the proposition that the estate proceedings of a private individual involve public or citizen's participation, and we have found no such authority. Likewise, we find no authority supporting the notion that extended litigation between and among these parties becomes a matter of public or citizen's participation merely because of its volume or allegedly repetitive nature. On the contrary, the allegations made by Rupert are of an intensely personal nature, and they address actions involving the personal relationships within the Pollard family.

Tiffany also argues that Rupert's conspiratorial allegations involve a public interest because they "pertain to the disposition [of] and interests in real property." She asserts that "the State of Texas has the right and power to control and regulate the use of land," and she identifies such governmental activities as preservation of public health, zoning regarding use of land, valuing land, and levying taxes as

matters of public interest. She concludes that the parties' disputes involving the Beverly Drive property implicate the public's interest in all these matters. We acknowledge that communications about such governmental activities could, under some circumstances, implicate public or citizen's participation. However, we disagree that Rupert's allegations that Tiffany and others joined together to deprive him of his ownership rights in that property implicate any such public participation.

We conclude instead that Rupert's allegations of conspiracy and joint enterprise are comparable to the communications relied upon by the *Dyer* appellants, i.e., private communications involving the common interest of attempting to use the plaintiff's confidential information and to steal the plaintiff's business. *Dyer*, 573 S.W.3d at 425. In that case, we concluded that construing the TCPA to provide the appellants a right of association based solely on such communications would be "an absurd result that would not further the purpose of the TCPA to curb strategic lawsuits against public participation." *Id.* at 426–27. For the same reason, we reject Tiffany's contention that the TCPA should protect her alleged communications involving the common interest of depriving Rupert of assets to which he was entitled.

We conclude that Tiffany failed to carry her initial burden to prove by a preponderance of the evidence that Rupert's conspiracy and joint enterprise claims are legal actions based on, related to, or in response to her exercise of the right of

–10–

association. CIV. PRAC. & REM. § 27.005(b). Accordingly, the TCPA does not apply to these claims, and we overrule Tiffany's first issue.[8]

## Conclusion

We affirm the trial court's Order. We remand this cause to the trial court to award Tiffany her court costs and reasonable attorney's fees incurred in defending against Rupert's claims that were dismissed by the Order, *see* CIV. PRAC. & REM. § 27.009(a)(1), and for all further proceedings.

190240f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

[8] As we discussed above, conspiracy and joint enterprise were the only claims properly before us in this appeal. Tiffany's Motion challenged those two claims only on the ground of her right of association. Given our conclusion that the TCPA does not apply to these claims on that ground, we do not reach any of her remaining issues.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TIFFANY POLLARD,
INDIVIDUALLY AND AS
TRUSTEE OF THE MARIE
MERKEL CHILDREN'S TRUST,
Appellant

No. 05-19-00240-CV      V.

RUPERT M. POLLARD, Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-12515.
Opinion delivered by Justice
Pedersen, III. Justices Reichek and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Rupert M. Pollard recover his costs of this appeal from appellant Tiffany Pollard, Individually and as Trustee of the Marie Merkel Children's Trust.

Judgment entered this 8th day of February, 2021.